IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

2022-1475

TIMOTHY MOORE,

*Plaintiff-Appellant*,

v.

UNITED STATES

*Defendant-Appellee.*

On Appeal from the United States Court of Federal Claims
in No. 1:21-CV-01931-CFL, Senior Judge Charles F. Lettow

CORRECTED RESPONSE BRIEF FOR DEFENDANT-APPELLEE UNITED STATES

BRIAN M. BOYNTON
Principal Deputy Assistant
Attorney General

PATRICIA M. McCARTHY
Director

REGINALD T. BLADES, JR
Assistant Director

RAFIQUE O. ANDERSON
Trial Attorney
Commercial Litigation Branch
Civil Division, Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, DC  20044

July 18, 2022                    Attorneys for Defendant

# TABLE OF CONTENTS

PAGE

TABLE OF CONTENTS..................................................................... i

TABLE OF AUTHORITIES ........................................................... iii

STATEMENT OF RELATED CASES ....................................................v

STATEMENT OF THE ISSUE .............................................................1

STATEMENT OF THE CASE AND COURSE OF PROCEEDINGS BELOW .....1

   I.    Nature Of The Case......................................................................1

   II.   Factual Background.....................................................................1

   III.  Course Of Proceedings And Disposition Below ..........................................3

SUMMARY OF THE ARGUMENT .......................................................4

ARGUMENT .................................................................................6

   I.    Standard Of Review .....................................................................6

   II.   Mr. Moore's Complaint Fails To State A Claim Because He Acknowledges In His Complaint That The Wage Difference Was Not Because Of His Sex ..............................................................................7

     A.  Equal Pay Act Standard ..............................................................7

     B.  Standard For Establishing An EPA Case......................................7

     D.  The Court's Decision In *Yant* Does Not Affect The Dismissal Of Mr. Moore's Complaint ...............................................................11

E.   Department of Labor And Equal Employment Opportunity Commission

Regulations Do Not Represent Binding Or Persuasive Authority..............13

III.   Mr. Moore Was Not Entitled To Discovery.................................................14

CONCLUSION ........................................................................................................15

CERTIFICATE OF SERVICE ................................................................................17

CERTIFICATE OF COMPLIANCE.......................................................................18

# TABLE OF AUTHORITIES

Cases                                                                            Page:

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................... 7, 10, 14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................7, 15

*Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009) ..................................7

*Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974) ..................................8

*Hearts Bluff Game Ranch, Inc. v. United States*, 669 F.3d 1326, 1328 (Fed. Cir.

   2012) .................................................................................................6

*Mercier v. United States*, 786 F.3d 971, 980 (Fed. Cir. 2015) .................................7

*Molden v. United States*, 11 Cl. Ct. 604, 609 (1987) ................................................7

*Moore v. United States*, 157 Fed. Cl. 747 (2022) .......................................... 1, 4, 12

*Yant v. United States*, 588 F.3d 1369 (Fed. Cir. 2009), cert. den., 562 U.S. 827

   (2010) ...............................................................................................11

Statutes

29 U.S.C. § 201 .................................................................................14

29 U.S.C. § 203(e)(2) ........................................................................7, 14

29 U.S.C. §§ 204(f), .........................................................................14

29 U.S.C. § 206(d) ........................................................................ 1, 4, 8, 9

42 U.S.C. § 2000e–5(f)(3) ....................................................................14

Other Authorities

Fed. Cir. R. 28(b) .......................................................................................1

## STATEMENT OF RELATED CASES

Pursuant to Federal Circuit Rule 47.5, defendant-appellee's counsel states that he is unaware of any other appeal in or from this action that previously was before this Court or any other appellate court under the same or similar title. Defendant-appellee's counsel further states that he is unaware of any case pending in this Court or any other court that may directly affect or be directly affect by this court's decision in this appeal.

## STATEMENT OF THE ISSUE[1]

Whether the trial court correctly dismissed Mr. Moore's complaint for failure to state a claim because the complaint admits that the wage differences about which he complains were not based upon sex, and therefore, the facts alleged in the complaint fail to state a claim for relief pursuant to the Equal Pay Act (EPA) 29 U.S.C. § 206(d).

## STATEMENT OF THE CASE AND COURSE OF PROCEEDINGS BELOW

### I.    Nature Of The Case

Mr. Moore appeals the Court of Federal Claims judgment in *Moore v. United States*, 157 Fed. Cl. 747 (2022) Appx022; dismissing Mr. Moore's complaint for failure to state a claim upon which relief may be granted.  Appx019.

### II.    Factual Background

In 2014, pursuant to an agreement with the union, the Securities and Exchange Commission (the agency) created a pay transition program (PTP) with a mission to provide all SEC staff employees with credit for relevant and specialized work experience prior to their employment with the agency. Appx002-003 ¶¶ 5-6.  The PTP required employees who desired to be considered for pay

---

[1]   Pursuant to Rule 28(b) of the Rules of Practice for the United States Court of Appeals for the Federal Circuit, we include our own statement of the issue and subsequent sections because we disagree with those sections included by Mr. Moore.  Fed. Cir. R. 28(b).

1

transition under the program to apply.  Appx003 ¶ 6.  Among those who applied were Mr. Moore's alleged comparators, Ms. Christine Curley and Ms. Katherine Monahan.    *Id.* at ¶ 7.  Mr. Moore alleges that he, Ms. Curley, and Ms. Monahan perform the same or similar functions and that their work requires equivalent skill, knowledge, ability, and effort.  Appx003 ¶ 11.

Ms. Curley and Ms. Monahan timely applied for the PTP during the open season for the submission of applications–September 14, 2014, through October 14, 2014.  *Id.* ¶ 6.  Mr. Moore did not apply.  *Id.* ¶ 8.  Pursuant to the PTP and based upon their respective timely applications, Ms. Curley's and Ms. Monahan's wages were recalibrated, and since June 2015, they have been compensated at a higher rate than Mr. Moore.  Appx003 ¶¶ 9-10.

Mr. Moore contends that 10 other agency employees were permitted to apply for the PTP in November 2014 and December 2014, two months after the application deadline.  Appx005 ¶ 14.  The agency dissolved the program at the conclusion of 2014.  Appx013.  Mr. Moore alleges that he attempted to apply for the PTP in August and September of 2016, almost two years after the program ceased.  The agency denied his request.  Appx005 ¶ 14.

Additionally, Mr. Moore alleged that he should have been included in the PTP because "[t]he SEC personnel who reviewed Pay Transition applicants [sic] included SEC's personnel director and managers of the applicants . . . [who] would

2

have been familiar with [Mr. Moore's] position qualifications, performance, and experience[.]" Appx004 ¶ 13.

III.    Course Of Proceedings And Disposition Below

Mr. Moore filed a complaint in the Court of Federal Claims on September 30, 2021.  In his complaint, he alleges that he is entitled to have his wages adjusted because: (1) Ms. Curley and Ms. Monahan perform the same or similar job and receive higher wages; and (2) the agency allowed 10 people to apply to enter the PTP after the deadline for applications had expired.  Appx005-006 ¶¶ 14, 18.

Mr. Moore states in his complaint that: (1) the PTP was open to all agency employees who applied, Appx002-Appx003 ¶¶ 5-6; (2) he did not apply for the PTP by the October 14, 2014 deadline, Appx003 ¶ 8; (3) he did not apply by December 2014, Appx005 ¶ 14, or the date that allegedly 10 people were admitted to the PTP and before the program was dissolved, *Id.*; and (4) that Ms. Curley and Ms. Monahan received increased wages because of the recalibration pursuant to the PTP.  Appx003 ¶¶ 4-5, 7, 9-10.

One January 27, 2022, the Court of Federal Claims granted the United States' motion to dismiss Mr. Moore's complaint.  Appx024.  The court held that Mr. Moore had not stated a claim that an alleged wage disparity was due to sex discrimination.  Appx020.  The trial court recognized that the complaint did "not claim that the difference in wages for equal work [was] the result of past or present

3

discrimination based on sex." *Id.* The Court later emphasized that the difference in wages resulted from the PTP, which "applied to all SEC staff" and the PTP was "devoid of any sex-based discrimination." *Id.* Additionally, the Court concluded that because "the complaint affirmatively acknowledge[d] that no sex-based discrimination caused the difference in wage between Mr. Moore and the two named female comparators, plaintiff [did] not state a . . . violation of 29 U.S.C. § 206(d)(1)." *Moore,* 157 Fed. Cl. at 750*;* Appx005 ¶¶ 7-9. Finally, the Court found it unnecessary to reach a conclusion on whether Mr. Moore's claim exceeded the EPA statute of limitations. *Id.*

## SUMMARY OF THE ARGUMENT

The Court of Federal Claims correctly dismissed Mr. Moore's complaint because it fails to state a claim on which relief could be granted. Specifically, in his complaint, Mr. Moore acknowledges that the reason why the alleged female comparators received higher salaries had nothing to do with gender/sex. He thus fails to claim that the differences between his wage and the wages of the alleged female comparators was "based on sex." Appx020. Moreover, Mr. Moore's complaint also fails because: (1) Ms. Monahan and Ms. Curley timely applied to the PTP, which was open to all SEC employees with an open enrollment season of September 14, 2014, to October 14, 2014, and Mr. Moore did not apply during that open season; and (2) he fails to advance any facts that, if proven, would show that

he attempted to participate in the PTP by December 2014, the latest date for applicants to participate in the PTP and the conclusion of the program. Appx002-Appx003.

Therefore, it is not plausible that the agency could have violated the EPA. This conclusion is supported by the facts, as alleged in the complaint, that: (1) the PTP applied the same rules to all SEC employees who applied for consideration within the open season; (2) Mr. Moore failed to apply during that time; and (3) he raised the issue of a wage disparity only *after* he became aware that the wages of the two alleged female comparators was raised *based on their participation in the PTP and not because of their sex/gender*. Appx003 ¶¶ 6, 8; Appx005 ¶ 14.

Thus, as alleged in the complaint, Mr. Moore does not state that his receipt of a lower wage than his alleged female comparators was because of his sex/gender. Rather, he takes issue with the fact that his wages were lower than his alleged female comparators because he declined to apply to participate in the PTP until well after the time to apply had expired and the program had closed, and the agency denied his untimely request to participate. Appx005 ¶ 14. Not only do these facts not establish an EPA claim, but they also directly contradict the plausibility of an EPA claim. Thus, it is apparent that Mr. Moore's complaint that the agency violated the EPA is misguided because his failure to apply for entry into the PTP, and not his sex/gender, is the true reason for the wage gap. Even if

he had alleged that the agency's cessation of the program was a violation of his rights under the EPA, he failed to meet even the agency's extended deadline afforded to others.  Appx005 ¶ 14.

ARGUMENT

I.  Standard Of Review

This Court "review[s] *de novo* the Court of Federal Claims' dismissal of a complaint for failure to state a claim upon which relief may be granted."  *Hearts Bluff Game Ranch, Inc. v. United States*, 669 F.3d 1326, 1328 (Fed. Cir. 2012) (citing *Mercier v. United States*, 786 F.3d 971, 980 (Fed. Cir. 2015)).  "To avoid dismissal, a complaint must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief."  *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

A claim has plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Bell Atl.*, 550 U.S. at 556.  Stated another way, the complaint must contain sufficient factual matter, accepted as true, to "raise a right of relief above the speculative level."  *Id.* at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not

6

shown — that the pleader is entitled to relief." *Id*. at 679 (internal citation and alteration omitted).

II.    **Mr. Moore's Complaint Fails To State A Claim Because He Acknowledges In His Complaint That The Wage Difference Was Not Because Of His Sex**

A. <u>Equal Pay Act Standard</u>

The Equal Pay Act was enacted in 1963, as an amendment to the Fair Labor Standards Act, and was extended from private industry to the Federal Government in 1974. 29 U.S.C. §§ 201, 203(e)(2); 204(f); *Molden v. United States*, 11 Cl. Ct. 604, 609 (1987). The EPA provides:

> No employer . . . shall discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions . . . .

29 U.S.C. § 206(d)(1).

B. <u>Standard For Establishing An EPA Case</u>

If a plaintiff shows that employees of the opposite sex are paid different wages for performing equal work, or work that is of "substantively equal skill, effort, and responsibility, under similar working conditions," *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974), then the burden shifts to the employer to prove one of the four affirmative defenses: (1) a seniority system; (2) a merit system; (3) a system which measures earnings by quantity or quality of production;

or (4) a differential based upon any other factor other than sex.  29 U.S.C.

§ 206(d)(1).

C.  Mr. Moore Has Failed To Advance Any Facts Supporting That The
Wage Differences Were Based On Sex

Allegations similar to Mr. Moore's, when the reason for a wage differential

is not based on sex, fail to meet the required criteria to support an EPA violation.

Mr. Moore alleges that the agency violated the EPA because Ms. Monahan

and Ms. Curley receive higher wages for performing the same or similar job duties

as a result of having their wage recalibrated by the PTP.  Appx003 ¶¶ 9, 10, 15.

However, Mr. Moore failed to apply for the same PTP program that was open to all

agency employees and ultimately resulted in increased wages for program

participants, including Ms. Monahan and Ms. Curley.  Appx003 ¶ 8.  Therefore,

his failure to receive a salary recalibration could not have been based on his sex,

nor does he seem to believe that it was.  *Id.* ¶¶ 7-8.

Moreover, Mr. Moore provides no facts that Ms. Monahan and Ms. Curley

received increased wages merely because they were female, or that he did not

receive a higher wage because he is male.  *See* Appx001-Appx008.  Mr. Moore's

complaint states that the reason that Ms. Monahan and Ms. Curley received

increased wages when they did was because of "pay transition."  Appx003 ¶¶ 9-10.

In other words, Mr. Moore's allegations that "pay transition" was the reason for the

difference between his wages and those of Ms. Monahan and Ms. Curley does not

satisfy the EPA's baseline requirement: that a plaintiff must show that the wage difference, or an opportunity for wage recalibration, be based on his sex/gender. *See* 29 U.S.C. § 206(d)(1).

Although Mr. Moore alleges that similarly situated female employees received a higher wage than his wage, his only factual allegation against the agency is that, by adopting a wage analysis program (the PTP) that evaluated employees to determine whether they should receive a higher wage, similarly situated female employees who applied for the PTP received a higher wage. Appx003-004 ¶¶ 5-11.  Indeed, all the complaint plausibly suggests is that the agency increased the wages of similarly situated employees who applied for the PTP, and did not increase Mr. Moore's wages because he did not apply.  However, Mr. Moore does not suggest, nor could he, that employees who applied for the PTP received higher wages because of their sex/gender.

He does not, and cannot, allege that the PTP accepted only female employees, or provided preferential treatment, such as an extended deadline, for female applications, to nudge his EPA claim across the line from conceivable to plausible.[2]  *See Iqbal*, 556 U.S. at 678, 682 ("a claim has facial plausibility when

---

[2]  Mr. Moore alleges only that he was not permitted to participate in the PTP after the December 2014 deadline, Appx002-003 ¶¶ 5-6; and his alleged female comparators received higher wages because of the pay transition program. Appx003 ¶¶ 6-10.

the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Thus, his claim fails to state a viable EPA violation.

Neither does Mr. Moore allege that the PTP calculated a lower wage for him based on his sex/gender when the agency recalibrated the salaries of employees who were admitted into the program. *See* Appx001-008. Mr. Moore's complaint states *that he did not meet the deadline to apply for the PTP*, Appx002-003 ¶¶ 5-6; and that the PTP was a gender neutral program. Appx002-004; App. Br. at 3-4. Further, the complaint does not allege that the PTP took the sex of the participants into consideration *at all* in its salary recalibration formula or process. Appx001-008. Rather, he simply takes issue with the agency's decision to deny him the opportunity to apply to the PTP two years after the program had closed and disbanded. Appx005 ¶ 14; App. Br. at 4.

Moreover, Mr. Moore does not allege that the female comparators were unjustifiably permitted to join the PTP, which led to the wage difference, or that he was not allowed to participate because of his sex. Appx003 ¶ 7. Altogether, Mr. Moore's allegations cannot establish a plausible case of an EPA violation because none of the events that he claims violated the EPA have anything to do with his or his alleged comparators' sex/gender, which is an elemental requirement of the statute.

D. The Court's Decision In *Yant* Does Not Affect The Dismissal Of Mr. Moore's Complaint

Although the trial court relied on *Yant v. United States*, 588 F.3d 1369 (Fed. Cir. 2009), *cert. den.*, 562 U.S. 827 (2010), the trial court did not need to apply *Yant* in its decision to dismiss Mr. Moore's complaint.

The issue in *Yant* involved two mixed-gender groups where: (1) different wages were paid based on whether they were covered by the national or regional wage scale; (2) both male and female employees encumbered the same position; (3) some male employees received higher wages than female employees, and *vice versa*; and (4) both male and female employees alleged sex/gender discrimination. *Id.* This Court concluded that the plaintiffs failed to state a claim because merely relying on the gender ratios of the two groups of mixed gender employees did not state a claim the wage differentials were based on sex. *Id.* at 1374.

On the other hand, here: (1) the agency created a PTP to adjust the wages of all agency employees who applied to participate through a review of their work experience; (2) Mr. Moore failed to apply to participate in the PTP during its open application period; (3) the alleged comparators timely applied to participate during the PTP's open period; and (4) the trial court concluded that the PTP was "devoid of any sex-based discrimination." *Moore*, 157 Fed. Cl. at 750. Thus, this appeal is factually different from *Yant*. This appeal does not involve two mixed-gender groups nor does it involve claims of gender discrimination by both men and

11

women encumbering the same position.  For that reason, *Yant,* which was highly dependent on its unusual facts, is of limited relevance, and certainly does not stand for the broad proposition for which Mr. Moore uses it.

To the extent that *Yant* applies, the legal premise remains the same: a complaint that on its face, demonstrates reasons for pay disparities that are not based on sex, does not state an EPA claim.  Here, Mr. Moore pleaded in his complaint that: (1) the PTP was available to all agency employees; (2) the wage gap with his alleged female comparators existed because they timely applied to participate, and were accepted into the PTP, and received a recalibrated salary; and (3) he did not apply to the PTP during its open period and did not receive a recalibrated salary as a result.  Thus, like *Yant*, Mr. Moore presents a factual scenario that does not state a claim for which any relief can be granted because the complaint plainly states that the reason for the wage difference was because of the PTP; and not because of sex/gender.  Appx002 ¶ 4-003 ¶¶ 5-8; Appx005 ¶ 14.

Finally, Mr. Moore's additional suggestion that *Yant's* holding should be restricted to "quasi-class action[s]", App. Br. at 31-36; finds no support in the EPA.  *See* 29 U.S.C. § 206(d)(1).

### E. Department of Labor And Equal Employment Opportunity Commission Regulations Do Not Represent Binding Or Persuasive Authority

In Mr. Moore's opening brief, he argues that the United States Department of Labor (DOL) and Equal Employment Opportunity Commission (EEOC) regulations indicate that a plaintiff needs only to plead a wage disparity, and not that the reason for the wage gap was based on sex, in order to successfully plead an EPA case.  App. Br. at 12.

However, the DOL regulations do not apply to the United States as employer.  Congress has directed that the Office of Personnel Management (OPM), not the Department of Labor, shall promulgate regulations that govern the application of the FLSA, including the EPA, to the Federal Government.  29 U.S.C. §§ 203(e)(2); 204(f).   Moreover, as explained above, the allegations of the complaint (and the undisputed facts) establish that the wage differential about which Mr. Moore complains is not based upon sex, an elemental requirement under the statute.

Further, Title VII (to which the EEOC regulations implement) provides for jurisdiction in a United States district court," but not in this Court.  42 U.S.C. § 2000e–5(f)(3)."  Thus, the EEOC regulations cannot serve as a binding or persuasive authority in this Court, as OPM's EPA regulations govern the administration of the EPA to federal employees.  29 U.S.C. § 203(e)(2); 204(f).

Consequently, the regulations cited by Mr. Moore, therefore, do not come into play in this case.

III.    Mr. Moore Was Not Entitled To Discovery

Mr. Moore alleges that his case should not have been dismissed and that he was entitled to discovery because there are factual issues as to whether an application to the PTP should have been necessary or whether the open PTP period closing date should have been waived.  App. Br. 31, 39.  However, Mr. Moore overlooks the requirement that his failure to state a claim for an EPA violation mandated a dismissal of his complaint.  *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

Specifically, he fails to allege that the agency's resume requirement discriminated against him based on his sex/gender, or that the alleged comparators who were admitted into the program were admitted because of their sex/gender. *See* Appx001-010.  Viewing the allegations in the light most favorable to Mr. Moore, his EPA claim does not plausibly state grounds for relief for a violation of the EPA.  *See Twombly*, 550 U.S. at 559 (There must be a "reasonably founded hope that the [discovery] process will reveal relevant evidence" sufficient to support a claim that the wage gap was at least based on sex. (internal citations omitted)).  Therefore, any discovery that he might allowed to conduct would not advance his EPA claim.  In other words, he neither alleges facts nor identifies a

legal theory that would entitle him to relief for these alleged deficiencies in the program, and more important, he does not allege that these asserted deficiencies were based on sex; he alleges that the complained of wage differential was *not* based on sex, and no amount of discovery to prove those allegations will support an EPA claim.

Thus, there is no plausible likelihood that he could successfully prove that the reason that his pay was less than his alleged female comparators is because of his sex/gender; an EPA requirement. Consequently, Mr. Moore's failure to allege facts to support an EPA violation requirement mandates the dismissal of his case. *Iqbal*, 556 U.S. at 678. Accordingly, discovery was not warranted.

## CONCLUSION

For these reasons, we respectfully request that the Court affirm the trial court's decision.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

PATRICIA M. McCARTHY
Director

/s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, Jr.
Assistant Director

15

/s/ Rafique O. Anderson
RAFIQUE O. ANDERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-3274
Fax: (202) 514-7965
Rafique.Anderson@usdoj.gov

July 15, 2022                          *Attorneys for defendants*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 18, 2022, a copy of the foregoing

*Corrected Response Brief For Defendant-Appellee United States* was

electronically filed with the Clerk of the Court for the United States Court of

Appeals for the Federal Circuit, using the Court's CM/ECF system.


/s/ Rafique O. Anderson
Trial Attorney

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C) and Fed. Cir. R. 28(a)(13), the undersigned counsel hereby certifies that:

This brief complies with the type-volume limitation of Rule 32(a)(7) because it contains 3,516 words, excluding the parts of the brief excepted by Fed. R. App. P. 32(a)(7)(B)(iii) and Fed. Cir. R. 32(b); and

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a monospaced typeface using Microsoft Word, Times New Roman, in 14-point font.

/s/ Rafique O. Anderson