# United States Court of Appeals for the Federal Circuit

---

**TIMOTHY MOORE,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2022-1475

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-01931-CFL, Senior Judge Charles F. Lettow.

---

Decided: April 28, 2023

---

PETER BROIDA, Arlington, VA, argued for plaintiff-appellant.

RAFIQUE OMAR ANDERSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by REGINALD THOMAS BLADES, JR., BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

---

Before PROST, REYNA, and STARK, *Circuit Judges*.

MOORE, *Chief Judge*, NEWMAN, LOURIE, DYK, PROST, REYNA, TARANTO, CHEN, HUGHES, STOLL, CUNNINGHAM, and STARK, *Circuit Judges*, have joined Part II.B of this opinion.

PROST, *Circuit Judge*.

Timothy Moore appeals the U.S. Court of Federal Claims' dismissal of his complaint alleging that his employer, the government, violated the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d). We vacate the dismissal and remand for further proceedings consistent with this opinion.

# I

## A

The complaint alleges the following facts. Mr. Moore, a man, is an Examination Manager at the Washington, D.C. headquarters of the Securities and Exchange Commission ("SEC"). The SEC also employs two women Examination Managers ("comparators") in that same office. Mr. Moore and the comparators perform the same work and have the same jobs, which require equal skill, effort, and responsibility and are performed under similar working conditions.

In 2014, the SEC initiated a Pay Transition Program ("Program") to recalibrate its employees' pay so that they could receive credit for years of relevant work experience regardless of their SEC hire date. The Program was open to all SEC employees. To be considered for the Program, employees had to apply, which required stating interest and supplying a résumé that included work history, job titles and duties, those jobs' start and end dates, and whether they were full- or part-time. The open period for Program applications was approximately September 14, 2014, to October 14, 2014. The comparators applied for the Program during this open period. Mr. Moore, however, did not, due to family-related issues then occupying his

attention. The SEC permitted about ten other SEC employees impacted by extenuating circumstances to apply for the Program in November and December 2014, after the Program's open period had closed.

Pay adjustments under the Program began to take effect around June 2015. At that time, the comparators' salaries were increased via the Program. In August and September 2016, Mr. Moore tried to apply for the Program, but the SEC's personnel director declined to consider him. Since June 2015, the comparators have been paid more annually than Mr. Moore.

According to the complaint, the SEC lacks justification under the EPA for any Program-related pay differential between him and the comparators because: (1) the Program's application process was unnecessary, given that the SEC has always had in its records the information it needed to evaluate the proper level of his pay; and (2) the SEC had no valid basis for creating, or not extending, a deadline for any employee to apply for and obtain the Program's benefits. Mr. Moore seeks damages under the EPA greater than $10,000 to account for the past and present pay differential between him and the comparators.

B

The government moved to dismiss Mr. Moore's complaint under Court of Federal Claims Rule 12(b)(6), relying heavily on our decision in *Yant v. United States*, 588 F.3d 1369 (Fed. Cir. 2009).

In *Yant*, a group of nurse practitioners at the Department of Veterans Affairs ("VA") sued the government, alleging that it violated the EPA by paying nurse practitioners (around 80% of whom were women) less than physician assistants (around 60% of whom were men) despite the jobs' equivalence. The Court of Federal Claims granted summary judgment for the government, concluding that "the EPA does not contemplate" mixed-gender

groups with such a substantial portion of the "putatively preferred" gender in the lower-paid category and the "putatively disadvantaged" gender in the higher-paid category. *Yant v. United States*, 85 Fed. Cl. 264, 272 (2009).

On appeal in *Yant*, we affirmed—but for a different reason. We first articulated the usual standard for an EPA claimant's prima facie case: showing "that an employer pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *Yant*, 588 F.3d at 1372 (cleaned up) (quoting *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974)). But we then added an extra element to the claimant's prima facie case—namely, a showing that the pay differential "is either historically or presently based on sex." *Id.* And we affirmed the summary judgment because the claimants had failed to raise a triable issue of fact on this element. *Id.* at 1374 ("Because the Yant plaintiffs fail to raise a genuine issue of material fact that the pay differential . . . is based on sex, they have failed to make a prim[a] facie case."); *see also id.* (reasoning that, because the claimants failed to make such a showing, "the ratios of males to females are irrelevant").

The government's motion in this case argued that *Yant* compelled dismissing Mr. Moore's complaint. It noted the complaint's acknowledgement that the Program was open to all employees and that it created a pay differential between Mr. Moore and the comparators given Mr. Moore's failure to timely apply for the Program. The government also noted the complaint's lack of allegations that any differential was based on sex. The government therefore argued that Mr. Moore had not met *Yant*'s prima facie element of showing that any differential was based on sex. *See* Def.'s Mot. to Dismiss Pl.'s Compl. at 7–10, *Moore v. United States*, No. 1:21-cv-01931 (Fed. Cl. Nov. 29, 2021) (quoting and citing *Yant* throughout), ECF No. 5. Reiterating *Yant* in its reply, the government insisted that the

Court of Federal Claims was "required to follow *Yant*, as it is binding precedent"; that "post *Yant*, the [c]ourt no longer has the authority to infer that sex discrimination occurred simply because there is a difference in pay between men and women in jobs requiring similar skills, effort, and responsibility"; and that "*Yant* applies to all EPA cases in the [c]ircuit." Def.'s Reply to Pl.'s Resp. to Def.'s Mot. to Dismiss at 4, 5, 7, *Moore v. United States*, No. 1:21-cv-01931 (Fed. Cl. Jan. 14, 2022), ECF No. 10.

The Court of Federal Claims relied on *Yant* to dismiss the complaint for failing to state an EPA claim. *Moore v. United States*, 157 Fed. Cl. 747 (2022). The court observed that Mr. Moore had the burden to "show[] that discrimination based on sex exists or at one time existed," *id.* at 750 (alteration in original) (quoting *Yant*, 588 F.3d at 1373), and that it could "not ignore binding authority from the Federal Circuit," *id.* at 750 n.3 (referencing *Yant*). And, after noting both (1) the complaint's acknowledgements that the Program was open to all employees but, unlike the comparators, Mr. Moore didn't timely apply for it, and (2) that the complaint "does not claim that the difference in pay for equal work is the result of past or present discrimination based on sex," the court concluded that Mr. Moore did "not state a *prima facie* violation of [the EPA], 29 U.S.C. § 206(d)(1)." *Id.* at 750 (cleaned up).

Mr. Moore timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

We review de novo the Court of Federal Claims' Rule 12(b)(6) dismissal of a complaint for failure to state a claim. *E.g.*, *Creative Mgmt. Servs., LLC v. United States*, 989 F.3d 955, 961 (Fed. Cir. 2021).

Our discussion has three parts. First, we consider whether, assuming *Yant* is good law, its prima facie standard is applicable in this case (it is). Second, we consider en

banc whether *Yant*'s prima facie standard is good law (it is not). Third, we consider whether affirming the dismissal on grounds independent of *Yant* is appropriate (it is not).

A

Initially, both parties argue on appeal that *Yant*'s prima facie standard doesn't apply here because this case doesn't involve the same mixed-gender-group fact pattern as did *Yant*. *See, e.g.*, Appellant's Br. 38 ("*Yant* does not dictate application to comparator-to-comparator[] cases of the analysis for a mixed-gender quasi-class action . . . ."); Appellee's Br. 11–12 (arguing that *Yant* "was highly dependent on its unusual facts" and that, given the factual differences between *Yant* and this case, *Yant* "is of limited relevance").[1]

We are unpersuaded. The court in *Yant* spoke broadly of the prima facie standard governing EPA cases, never suggesting that its standard applied only in cases presenting the same fact pattern. If anything, the *Yant* court *disclaimed* reliance on that case's particular facts. *See Yant*, 588 F.3d at 1374 (reasoning that, because the plaintiffs failed to "demonstrate[] past or present discrimination based on sex," "the ratios of males to females are *irrelevant*" (emphasis added)).

And indeed, we have applied *Yant*'s prima facie standard in a case involving factual allegations much more similar to this case than to *Yant*. In *Gordon v. United States*,

---

[1] This differs markedly from what the government told the Court of Federal Claims. There, the government maintained not only that *Yant* was highly relevant, but also that *Yant*'s prima facie standard "*applies to all EPA cases in the [c]ircuit*." Def.'s Reply to Pl.'s Resp. to Def.'s Mot. to Dismiss at 7–8, *Moore v. United States*, No. 1:21-cv-01931 (Fed. Cl. Jan. 14, 2022) (emphasis added), ECF No. 10; *see also supra* pp. 4–5.

903 F.3d 1248 (Fed. Cir. 2018), *vacated on other grounds*, 754 F. App'x 1007 (Fed. Cir. 2019), two women physicians with the VA sued the government, alleging that it violated the EPA by paying certain men physicians more for equal work. Relying on *Yant*, we affirmed the Court of Federal Claims' summary judgment for the government because the women physicians had "point[ed] to no evidence that the pay differential complained of was based on sex, either historically or presently." *Id.* at 1254 (citing *Yant*, 588 F.3d at 1372); *see also id.* at 1252 ("This court's decision in *Yant* . . . further requires that, as part of the prima facie case, an EPA plaintiff bears the burden of showing that discrimination based on sex exists or at one time existed." (cleaned up)).[2]

Accordingly, assuming *Yant*'s prima facie standard is good law, that standard applies in this case and would compel affirmance.

B[3]

We now consider en banc whether *Yant*'s prima facie standard is good law. We conclude it is not.

The EPA states in relevant part:

---

[2] Although we vacated our opinion in *Gordon* due to the parties' subsequent settlement and stipulated dismissal, *see* 754 F. App'x 1007, we are aware of nothing that would call into question the cited reasoning in that opinion. *See Hadley v. United States*, 229 Ct. Cl. 591, 594–95 (1981) (observing that, despite an opinion's vacatur, its reasoning may still "remain[] valid").

[3] Part II.B of this opinion has been considered by an en banc court formed of MOORE, *Chief Judge*, NEWMAN, LOURIE, DYK, PROST, REYNA, TARANTO, CHEN, HUGHES, STOLL, CUNNINGHAM, and STARK, *Circuit Judges*.

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex . . . .

29 U.S.C. § 206(d)(1).

Nearly fifty years ago, the Supreme Court described the EPA's basic operation as "straightforward." *Corning Glass*, 417 U.S. at 195. To make out a prima facie EPA case, a claimant bears the burden to "show that an employer pays different wages to employees of opposite sexes 'for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.'" *Id.* (quoting 29 U.S.C. § 206(d)(1)).

Every other circuit articulates an EPA claimant's prima facie case the same (or materially the same) way as the Supreme Court. *E.g.*, *McMillan v. Mass. Soc'y for the Prevention of Cruelty to Animals*, 140 F.3d 288, 298 (1st Cir. 1998); *Belfi v. Prendergast*, 191 F.3d 129, 135–36 (2d Cir. 1999), *abrogated on other grounds by Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000); *Stanziale v. Jargowsky*, 200 F.3d 101, 107 (3d Cir. 2000); *EEOC v. Md. Ins. Admin.*, 879 F.3d 114, 120–21 (4th Cir. 2018); *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1136–37 (5th Cir. 1983); *Buntin v. Breathitt Cnty. Bd. of Educ.*,

134 F.3d 796, 799–800 (6th Cir. 1998); *Fallon v. Illinois*, 882 F.2d 1206, 1208, 1211 (7th Cir. 1989); *Taylor v. White*, 321 F.3d 710, 715–16 (8th Cir. 2003); *Rizo v. Yovino*, 950 F.3d 1217, 1222 (9th Cir. 2020) (en banc); *Mickelson v. N.Y. Life Ins. Co.*, 460 F.3d 1304, 1311 & n.5 (10th Cir. 2006); *Irby v. Bittick*, 44 F.3d 949, 954 (11th Cir. 1995); *Goodrich v. Int'l Brotherhood of Elec. Workers, AFL-CIO*, 815 F.2d 1519, 1522–24 (D.C. Cir. 1987).

In *Yant*, this circuit added an extra element to an EPA claimant's prima facie case—namely, a showing that the pay differential "is either historically or presently based on sex."[4] *Yant*, 588 F.3d at 1372. This extra element is problematic for a few reasons—all related. First, it's simply extraneous in view of the Supreme Court's articulation of an EPA claimant's prima facie case. Second, it violates the principle that "the EPA does not require . . . proof of intentional discrimination." *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 640 (2007), *superseded on other grounds by statute*, Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5. Having to prove—*on top* of a pay differential across sexes for equal work—that the differential is "based on" sex is tantamount to having to prove that it's *because* of sex, which is tantamount to having to prove intentional discrimination. Third, it misallocates the EPA's burdens. Once an EPA claimant carries the burden on the (properly understood) prima facie case, it becomes

---

[4] This move was noted at the time. *See Yant*, 588 F.3d at 1375 (Prost, J., concurring in the result) (noting that "the majority imports a novel requirement into the plaintiff's prima facie case"). It has been noted since. *See Gordon*, 903 F.3d at 1256–57 (Reyna, J., additional views) (noting that "*Yant* decidedly changed th[e] standard by requiring, as part of the prima facie case, evidence that the pertinent pay differential is based on sex," and that "[n]o other circuit imposes such a requirement on the plaintiff").

the *employer's* burden to prove—as an affirmative defense—that the pay differential has a permissible *non-sex-based* justification. *See Corning Glass*, 417 U.S. at 195–96, *see also* 29 U.S.C. § 206(d)(1) (providing four permissible non-sex-based justifications for paying different sexes differently for equal work—i.e., "where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential *based on any other factor other than sex*" (emphasis added)).

Given these problems with *Yant*'s extra prima facie element, it's perhaps unsurprising that the government—by far the most frequent (and perhaps the only) employer that comes before this circuit facing an EPA claim—declines to defend this aspect of *Yant* on appeal. Oral Arg. at 42:40–43:07 ("We don't necessarily agree with *Yant* all the way . . . . [S]ome of it has to deal with what the plaintiffs are required to do at the opening part of their case. In terms of saying that there has to be a showing of past or present discrimination, we don't necessarily agree with that part.");[5] *see* Appellee's Br. 11–12 (declining to embrace *Yant*, instead arguing that the Court of Federal Claims "did not need to apply *Yant*" to dismiss the complaint).

We therefore take this opportunity to bring this circuit in line with our sister circuits and the Supreme Court. To make out a prima facie EPA case, a claimant bears the burden to "show that an employer pays different wages to employees of opposite sexes 'for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.'" *Corning Glass*, 417 U.S. at 195 (quoting

---

[5] No. 22-1475, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=22-1475_02062023.mp3.

29 U.S.C. § 206(d)(1)). *Yant* is overruled to the extent it is inconsistent with the foregoing.

C

We lastly consider whether to affirm the complaint's dismissal on grounds having nothing to do with *Yant*. We decline to do so. Although the government argues that *Yant*-independent grounds warrant dismissal, *see, e.g.*, Oral Arg. at 17:30–32 ("We don't have to touch *Yant* at all . . . ."); Appellee's Br. 11–12 (arguing that the Court of Federal Claims "did not need to apply *Yant*" to dismiss the complaint), the government's arguments in this regard have not been adequately developed in this appeal (nor, seemingly, in the Court of Federal Claims). Because the Court of Federal Claims relied on *Yant* to dismiss the complaint, and because *Yant*'s prima facie standard is no longer good law, we believe the appropriate course is to vacate the dismissal and remand for further proceedings consistent with this opinion. If, on remand, the government again pursues a Rule 12 motion, it will be able to develop its *Yant*-independent arguments, and the Court of Federal Claims will be able to review the complaint free of *Yant*'s prima facie standard. Additionally, the Court of Federal Claims may wish to provide Mr. Moore an opportunity to amend his complaint, now that he knows he no longer needs to meet *Yant*'s requirements.

Before remanding, however, we address a misconception that has become evident on appeal—one that may be relevant to the government's suggestion that Mr. Moore "plead[ed] [his] way out of court." *See* Oral Arg. at 25:00–18. Both the government and the Court of Federal Claims seem to believe that the complaint affirmatively states that the pay differential was *not* based on sex. *See, e.g.*, Appellee's Br. 12 ("[T]he complaint plainly states that the reason for the wage difference was because of the [Program]; *and not because of sex/gender*." (emphasis added)); *id.* at 15 ("[Mr. Moore] alleges that the complained of wage

differential was *not* based on sex . . . ." (emphasis in original)); *Moore*, 157 Fed. Cl. at 750 (stating that "the complaint affirmatively acknowledges that no sex-based discrimination caused the difference in pay"). The complaint does not do so. To be sure, it alleges that the reason for the pay differential is one that's seemingly unrelated to sex—i.e., Mr. Moore didn't timely apply for the Program. But identifying the reason for the pay differential as one that doesn't *seem* based on sex is not the same as conceding that the differential was *not* based on sex. Nowhere does the complaint do the latter. Appellee's App'x 1–7; *accord* Reply Br. 17 ("[Mr.] Moore does not concede or agree that the salary differentials were not because of, on account of, or the result of sex under the EPA.").[6] To be clear, we express no view on the merits of any "pleaded yourself out of court" argument that might be developed on remand

---

[6] We further note that the complaint alleges that the SEC lacked an acceptable business reason for (1) requiring Program applications at all, and (2) creating, or not extending, a deadline for any employee to apply for and obtain the Program's benefits. Appellee's App'x 6 ¶ 17. These allegations may be relevant to the EPA's fourth statutory affirmative defense—a pay differential "based on any other factor other than sex." 29 U.S.C. § 206(d)(1). Some circuits have held that the statutory "any other factor other than sex" must be job-related or related to a legitimate business reason. *See, e.g.*, *Belfi*, 191 F.3d at 136; *EEOC v. J.C. Penny Co.*, 843 F.2d 249, 253 (6th Cir. 1988); *Rizo*, 950 F.3d at 1227. Other circuits have been less willing to restrict what qualifies as "any other factor other than sex." *See, e.g.*, *Dey v. Colt Constr. & Dev. Co.*, 28 F.3d 1446, 1462 (7th Cir. 1994); *Taylor*, 321 F.3d at 717–20. Our circuit has not waded into this debate, and we are in no position to do so today. We simply note the issue in the event it becomes relevant.

(whether as to this complaint or any amended one). We simply observe that, as currently written, the complaint itself does not affirmatively state or concede that the pay differential was not based on sex.

## III

We have considered the parties' remaining arguments and find them unpersuasive. Because the Court of Federal Claims' dismissal relied on *Yant*, which is now overruled, and because we decline to affirm on any *Yant*-independent grounds, we vacate the dismissal and remand for further proceedings consistent with this opinion.

## VACATED AND REMANDED

### COSTS

Costs to appellant.